UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

------------------------------------

| | |
|---|---|
| Cambria Company LLC, | File No. 0:17-cv-02463 |
| Plaintiff, | |
| v. | **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND** |
| M&M Creative Laminants Inc. d/b/a M&M Creative Laminates Inc. | |
| Defendant. | |

------------------------------------

# **INTRODUCTION**

Defendant M&M Creative Laminants Inc. d/b/a M&M Creative Laminates Inc. ("M&M" or "Defendant") removed this case to this Court in direct violation of a valid and unambiguous forum selection clause. M&M agreed to this clause in the contracts it signed with Plaintiff Cambria Company LLC ("Cambria") – the contractual relationship that forms the basis of this dispute. Specifically, at the outset of their business relationship, M&M and Cambria agreed that "any proceeding involving th[eir] Agreement and/or any claims or disputes relating to the agreements and transactions between the parties shall be in the District Court of Le Sueur County, State of Minnesota."

The mandatory forum selection clause voluntarily agreed to by M&M and Cambria, each of which is a sophisticated business entity, is both clear and reasonable and should be enforced. Litigating this case in the parties' chosen forum will not deprive

M&M of its day in court in any way, shape or form. M&M expressly waived any right to remove this case to this Court or participate in litigation outside of the Le Sueur County District Court. Cambria files this Motion to Remand and respectfully requests that this Court remand this action to the District Court for the County of Le Sueur, Minnesota.

## FACTUAL BACKGROUND

Cambria is a manufacturer, fabricator and seller of natural quartz surfaces ("Cambria Products") with its manufacturing and product development facilities located in the City of Le Sueur, County of Le Sueur, Minnesota. M&M is a designer and installer of various surface products in Pennsylvania which was incorporated in 1983 and, according to its website, has been in business for over 32 years. Declaration of Andrew D. Moran ("Moran Decl.") ¶ 4 & Ex. C. On May 15, 2009, M&M and Cambria entered into a contractual relationship whereby Cambria would manufacture, fabricate and sell Cambria Products to M&M, and M&M would purchase and install Cambria Products in residential and commercial properties of end users (the "Agreements"). Moran Decl. Ex. B.

The Agreements contain the following unambiguous forum selection and choice of law provision:

> This agreement shall be governed by and construed in accordance with the laws of the State of Minnesota. Any proceeding involving this Agreement and/or *any claims or disputes relating to the agreements and transactions between the parties shall be in the District Court of Le Sueur County, State of Minnesota*, and the undersigned hereby submits to the jurisdiction and venue of that Court. The undersigned agrees not to raise *and waives any objection or defense based upon the venue of such Court* and any objection or defense based on forum non conveniens.

*Id*. Ex. B, at p. 3, ¶ 3 (emphases added). Under this clear manifestation of the parties' preference as to a convenient and acceptable forum, M&M and Cambria agreed that any claim related to the Agreements and that any claims or disputes "relating to the agreements and transactions" between them shall all be brought in Le Sueur County, Minnesota, and governed by Minnesota law.

Over a period of approximately eight years, M&M purchased Cambria Products from Cambria pursuant to the Agreements. M&M is currently indebted to Cambria in the principal amount of $183,872.55, plus interest and costs of collection. *Id.* Ex. A, ¶¶ 10–13. Cambria made numerous demands for the amounts owed, and M&M has failed to make payment as required by the Agreements. *Id*. Ex. A, ¶¶ 14–15.

The parties, through their counsel, engaged in extensive discussions in late May and early June of 2017 in an effort to resolve the underlying dispute. *Id.* ¶ 5. On June 7, 2017, Cambria extended a proposal to resolve this matter. *Id*. M&M's response was to rush into the Court of Common Pleas of Allegheny County, Pennsylvania, and, contrary to the clear and unambiguous forum selection clause to which it indisputably agreed, file an action on June 9, 2017, asserting claims against Cambria based upon the Agreements and the transactions between the parties (the "Pennsylvania Action"). *Id*. Cambria subsequently removed the Pennsylvania Action to the Federal District Court for the Western District of Pennsylvania and, on July 7, 2017, filed a motion to dismiss based upon the parties' forum selection clause.[1] *Id.* ¶ 5.

---

[1] On July 3, 2017, M&M brought a motion for a preliminary injunction in the Pennsylvania Action seeking to prevent Cambria from proceeding with the present

On June 19, 2017, Cambria initiated the present action against M&M in the District Court for the County of Le Sueur, Minnesota—the parties' chosen venue. In the present action, Cambria asserts that M&M purchased, took possession of and assumedly sold $183,872.55 worth of Cambria Products from Cambria but failed to remit payment for the same. *Id.* Ex. A, ¶¶ 10–12. On July 3, 2017, despite the parties' contractual forum selection, counsel for M&M filed and served its Notice of Removal of this case to this Court, alleging that the action may be removed pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. §1441. *Id.* Ex. D.

Cambria respectfully requests that this Court remand this case back to the District Court for the County of Le Sueur, Minnesota, based upon the parties' voluntary and unambiguous contractual agreement.

## LEGAL ARGUMENT

**I. THE CASE SHOULD BE REMANDED DUE TO THE FORUM SELECTION CLAUSE IN THE AGREEMENTS.**

    **A. The Forum Selection Clause is Valid and Enforceable.**

Federal courts have established a presumption in favor of state court jurisdiction. *State v. Worldcom, Inc.*, 125 F. Supp. 2d 365, 368 (D. Minn. 2000). As a result, on a motion to remand, the removing party has the burden of showing removal was proper and any doubts about the propriety of removal must be resolved in favor of remand. *Id.* (citing *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993)).

"Forum selection clauses are prima facie valid and are enforced unless they are

---

action. Cambria's response to M&M's motion for a preliminary injunction is due on July 19, 2017.

4.

unjust or unreasonable or invalid for reasons such as fraud or overreaching." *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)); *see also Fountain v. Oasis Legal Fin., LLC*, 86 F. Supp. 3d 1037, 1044 (D. Minn. 2015). Stated otherwise, a forum selection clause is "enforceable unless [it] would actually deprive the opposing party of his fair day in court." *M.B. Rests., Inc.*, 183 F.3d at 752 (citations omitted).

Because they are prima facie valid and enforceable, the party challenging a forum selection clause bears an extremely heavy burden of proof. *See Servewell Plumbing, LLC v. Federal Ins. Co.,* 439 F.3d 786, 789 (8th Cir. 2006); *Brenner v. Nat'l Outdoor Leadership Sch.*, 20 F. Supp. 3d 709, 716–17 (D. Minn. 2014) ("[T]he forum clause should control, absent a strong showing that it should be set aside by the party resisting enforcement." (citing *U.S. Bank Nat'l Ass'n v. San Bernadino Pub. Emps' Assn*, No. 13-2476, 2013 WL 6243946, at *2 (D. Minn. Dec. 3, 2013))).

M&M cannot sustain its heavy burden of proof to overcome the presumption of validity of the forum selection clause in the Agreements. M&M has not alleged the Agreements were executed under unjust, unreasonable or fraudulent circumstances. M&M, a sophisticated commercial entity which had been in business for at least 26 years before contracting with Cambria, freely entered into the Agreements with Cambria which very clearly provided that any dispute would be litigated in Minnesota state court in Le Sueur County.

Litigating this case in the District Court in the County of Le Sueur, Minnesota, will not in any way deprive M&M of a meaningful day in court. M&M has every ability

to assert counterclaims in the parties' chosen venue subject only to its obligations under Rules 11 and 12 of the Minnesota Rules of Civil Procedure. *See Marano Enters. of Kansas v. Z-Teca Rests., L.P.*, 254 F.3d 753, 758 (8th Cir. 2001) (acknowledging that enforcement of forum selection clause will not deprive defendants of their day in court where they may bring their claims in a pending action).

Faced with the identical forum selection and choice of law provision, the Honorable David S. Doty granted a motion to remand. Moran Decl. Ex. E. Among other findings and conclusions, Judge Doty noted that such clauses are prima facie valid and that the removing party in that case "waived the right to remove this matter" by agreeing to the identical forum selection clause which "constitutes a clear and unequivocal waiver of the right to remove." *Id*.

The District Court has the inherent power to remand a case to state court to give effect to a forum selection clause. *Medtronic, Inc. v. Endologix, Inc.*, 530 F. Supp. 2d 1054, 1056 n.1 (D. Minn. 2008). Where, as here, a party has not and cannot overcome the presumption of validity, and the forum selection clause at issue is clear and unambiguous, the matter should be remanded to proceed in the parties' contractually selected venue.

### B. M&M Contractually Waived Its Right to Remove the Case.

A valid forum selection clause may waive a party's right to remove. *See iNet Directories, LLC. v. Developershed, Inc.*, 394 F.3d 1081, 1082 (8th Cir. 2005). A waiver of a right to remove must be clear and unequivocal. *See Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989). The contractual wavier does not need to include explicit words, such

as "waiver of right of removal." *See iNet Directories*, 394 F.3d at 1082; *see also Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 727 n.5 (8th Cir. 2001) ("[A] forum selection clause may be viewed as a waiver of a defendant's right to object to venue.").

Here, M&M agreed "not to raise and waive[d] any objection or defense based upon the venue of [Le Sueur County District Court]." M&M further waived its right to remove this case based on the clear and unequivocal language stating "any claims or disputes relating to the agreements and transactions between the parties shall be in the District Court of Le Sueur County, State of Minnesota, and the undersigned hereby submits to the jurisdiction and venue of that Court."

The forum selection clause at issue in *iNet Directories* was nearly identical to that in the Agreements and provided that the parties waived "any and all objections . . . to the laying of venue of any such suit, action or proceeding brought in any such federal or state court in the State of Missouri." *iNet Directories*, 394 F.3d at 1082. The Eighth Circuit Court of Appeals affirmed the district court's order for remand and held that "the contract's forum selection clause unambiguously prohibited [defendant] from objecting to venue by removing the case to federal court" even where the clause did not explicitly address removal. *Id*.

M&M agreed to clear and unequivocal language in which it waived its right to object to venue in the District Court of Le Sueur County, Minnesota, and thus waived its right to remove this case. Accordingly, remand is proper.

## II. CAMBRIA SHOULD BE AWARDED COSTS AND EXPENSES, INCLUDING ATTORNEY'S FEES, INCURRED AS A RESULT OF THE IMPROPER REMOVAL.

An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal. *See* 28 U.S.C. § 1447(c). The propriety of the defendant's removal should be the focus of a decision regarding whether to impose fees. *See Masepohl v. Am. Tobacco Co.,* 974 F. Supp. 1245, 1256 (D. Minn. 1997).

M&M was fully aware of the existence of the parties' mandatory forum selection clause at the time it attempted to remove the matter, as that clause had been expressly discussed between counsel for the parties. Moran Decl. ¶ 8. Prior to its attempted removal, M&M was made aware that Cambria intended to enforce the parties' forum selection and choice of law provision. *Id*. Despite this knowledge, M&M removed this action in its second attempt to circumvent the forum selection clause which, ironically, resides in the very same agreements upon which M&M has based its claims in the Pennsylvania Action. M&M's repeated breach of its contractual commitment to litigate all claims and disputes in the District Court for the County of Le Sueur, Minnesota has forced Cambria to incur substantial attorney's fees both in this matter and in the Pennsylvania Action. Accordingly, Cambria should be awarded its costs and expenses.

## CONCLUSION

Cambria respectfully requests that this Court remand this case to the District Court for the County of Le Sueur, Minnesota, and that Cambria be awarded its costs, including attorney's fees, incurred as a result of the removal.

Dated:  July 11, 2017		*s/Andrew D. Moran*
			Andrew D. Moran (0392381)
			Paul R. Smith (0181493)
			Larkin Hoffman Daly & Lindgren Ltd.
			8300 Norman Center Drive
			Suite 1000
			Minneapolis, Minnesota  55437-1060
			(952) 835-3800
			amoran@larkinhoffman.com
			psmith@larkinhoffman.com

			Attorneys for Plaintiff Cambria Company LLC

4810-8925-7291, v. 2